09-3102-ag
Chen v. Holder

BIA
Hom, IJ
A098 690 719

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of February, two thousand eleven.

PRESENT:
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

TIAN PING CHEN,
> *Petitioner,*

v.                                                 09-3102-ag
                                                   NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Tina Howe, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Ari Nazarov, Trial Attorney, Office of Immigration Litigation; U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Tian Ping Chen, a native and citizen of the People's Republic of China, seeks review of a June 29, 2009, decision of the BIA affirming the October 18, 2007, decision of Immigration Judge ("IJ") Sandy Hom, who denied Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tian Ping Chen,* No. A098 690 719 (B.I.A. June 29, 2009), *aff'g* No. A098 690 719 (Immig. Ct. N.Y. City Oct. 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237(2d Cir. 2008)(internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008); *see also Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

2

The agency did not err in finding that, even if credible, Chen did not meet his burden of proving his eligibility for relief. An individual is not *per se* eligible for asylum based on the forced abortion or sterilization of a spouse, *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007) (*en banc*), and Chen does not argue in his brief that he fears being forcibly sterilized in the future. Thus, Chen's sole remaining claim is that he suffered economic persecution when he was fired from his job because of "other resistance" to China's birth control policy – his refusal to be sterilized. However, in order to constitute economic persecution, the economic harm must be "severe," such that it would "constitute a threat to an individual's life or freedom." *See In re T-Z-*, 24 I. & N. Dec. 163, 172 (BIA 2007)(internal quotation marks omitted); *see also Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir. 2002) (holding that in order to demonstrate economic persecution, an applicant must show at least a "deliberate imposition of a substantial economic disadvantage"). Because Chen testified that after being fired from his job at a government-owned construction company, he was able to

support himself and his family through odd jobs, the agency reasonably found that Chen failed to demonstrate economic persecution. *See Guan Shan Liao*, 293 F.3d at 67.

Because Chen was unable to show the objective evidence of future persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his withholding of removal claim. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). As Chen does not challenge the agency's denial of CAT relief, any challenge to his CAT claim is waived.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk